STATE BAR OF NEVADA, COMPLAINANT, *v.*
DAVID M. SCHREIBER, RESPONDENT.

No. 14300

November 9, 1982                                  653 P.2d 151

## ORDER

Pursuant to our order in the appeal of State Bar of Nevada v. Schreiber, No. 14300, we hereby authorize the publication, in accordance with SCR 121, of the following letter of reprimand, submitted by the State Bar of Nevada Disciplinary Board, Southern District, Pat Fitzgibbons, Chairman:

*David M. Schreiber,* Esquire, 101 Convention Center Drive, No. 1100, Las Vegas, Nevada   89101

In August of 1979 and subsequent thereto, several grievance complaints were made against you alleging unethical conduct. Copies of these grievances were sent to you with a request to reply to the allegations. You totally ignored these requests and failed to respond to those grievances.

The majority of the grievance complaints arose out of your failure to adequately explain to your clients the services to be rendered and the fees to be charged. You then failed to communicate with your clients and to keep them advised of the status of their cases.

It cannot be overemphasized that communication with a client is, in many respects, at the center of all services. The failure to communicate creates the impression of a "neglectful" attorney and leads to client discontent, even if the case is competently and expeditiously handled. This, in turn, brings disrepute upon the attorney and the legal profession as a whole.

It is the ethical duty of an attorney to keep his clients advised of the progress of their case and to make timely replies to their inquiries, DR 1-102(A)(6). See also *80 ALR 3rd 1240, Failure to Communicate With Client as Basis for Disciplinary Action Against Attorney.*

It is also the duty of an attorney to cooperate in investigations of alleged professional misconduct, and it is deemed an adverse reflection upon his fitness to practice law, and conduct prejudicial to the administration of justice when he refuses to answer letters from disciplinary personnel or otherwise fails to cooperate. DR 1-102(A)(5) and (6). See also *In re Miller,* 57 Nev. 93, 59 Pac.2d 9 (1936), and *Matter of Cartwright,* 282 NW2d 548 (Minn. 1979).

Your conduct in these matters has fallen far below that expected of one admitted to practice law and brings discredit to our profession. Not only did you fail to communicate with your clients, but you refused to cooperate with the disciplinary inquiry, which constitutes an act of misrepresentation and violation of DR 1-102(A)(4).

The foregoing conduct warrants, and you are hereby publicly reprimanded for your actions.

DATED this 9th day of November, 1982.

s/ *Patrick J. Fitzgibbons, Jr.,* Esquire, Chairman, Southern Nevada Disciplinary Board, 214 S. Maryland Parkway, Las Vegas, Nevada   89101

It is so ORDERED.